UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of YACHTING SPECIALTIES, INC. As owner of vessel M/V ASSIST GOLDEN GATE (CF No. 4515CG), for Exoneration From or Limitation of Liability | Case No. 3:17-cv-01922-MMC<br><br>**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS-IN-LIMITATION'S REQUEST FOR ORDER GRANTING THEIR COMPLAINT FOR EXONERATION OR LIMITATION OF LIABILITY**<br><br>~~**Date:** December 15, 2017~~<br>~~**Time:** 9:00 a.m.~~<br>**Location:** Courtroom 7 - 19th Floor<br>**Judge:** Maxine M. Chesney |

    The Motion of Plaintiff-in-Limitation YACHTING SPECIALTIES, INC., as owner of vessel M/V ASSIST GOLDEN GATE (CF No. 4515CG) ("Plaintiff-in-Limitation") for an Order granting exoneration from liability came on for hearing before the above-entitled Court ~~on December 22, 2017~~. Also before the Court is the "Stipulation to Plaintiff-in-Limitation's Request for Order Granting Complaint for Exoneration or Limitation of Liability," filed November 17, 2017, by Plaintiff-in-Limitation and claimant Rachel Belle.

    Having read and considered Plaintiff-in-Limitation's Motion and the parties' Stipulation, the Court deems the motion suitable for decision thereon, VACATES the hearing scheduled for December 15, 2017, and hereby rules as follows.

1       The Court finds that Rachel Belle was the sole claimant who made any claim in response to Plaintiff-in-Limitation's Complaint for exoneration from and/or limitation of liability within the time period set forth by the Court. The Court finds that Rachel Belle's claims against Plaintiff-in-Limitation have been fully resolved via settlement. Therefore, there are no remaining legally cognizable claims contesting Plaintiff-in-Limitation's right to exoneration from liability.

      Thus, the Court finds that Plaintiff-in-Limitation YACHTING SPECIALTIES, INC., is entitled to judgment as a matter of law. The Court further finds that any claims against Plaintiff-in-Limitation [other than Rachel Belle's settled claim] are neither permissible nor necessary. The Court further finds that pursuant to F.R.C.P. Rule 54(b) that there is no reason for delay in entry of judgment.

**IT IS HEREBY ORDERED, JUDGED, AND DECREED AS FOLLOWS:**

      Plaintiff-in-Limitation's Motion for an order granting Plaintiff-in-Limitation exoneration from liability for damages, for any and all claims, losses, or injuries that occurred on or about March 8, 2017, is granted; and the Clerk is expressly directed to enter judgment in favor of Plaintiff-in-Limitation.

Dated: November 28, 2017

_Maxine M. Chesney_
Honorable Maxine M. Chesney
United States District Judge